**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000535**
**29-DEC-2011**
**09:02 AM**

NO. CAAP-11-0000535

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ONE WEST BANK, FSB, Plaintiff-Appellee, v.
MARLENE D.P. DEBNAM, Defendant-Appellant,
and
JOHN DOES 1-50 and JANE DOES 1-50, Defendants

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2RC10-1-2943)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record, it appears that we lack
jurisdiction over the appeal that Defendant-Appellant Marlene
D.P. Debnam (Appellant Debnam) has asserted from the Honorable
Blaine Kobayashi's February 25, 2011 judgment for possession,
because Appellant Debnam's appeal is untimely under Rule 4(a)(3)
of the Hawai'i Rules of Appellate Procedure (HRAP).

We initially note that the February 25, 2011 judgment for possession did not finally determine all of the issues in Appellee One West Bank, FSB's (Appellee One West Bank), complaint in this case, because the February 25, 2011 judgment did not provide whether Appellee One West Bank was entitled to an award of money damages. Nevertheless, the February 25, 2011 judgment for possession was immediately appealable pursuant to Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995).

Pursuant to HRAP Rule 4(a)(3),[1] Appellant Debnam tolled the initial thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal from the February 25, 2011 judgment for possession when Appellant Debnam timely filed, ex officio, Appellant Debnam's March 7, 2011 motion for reconsideration of the February 25, 2011 judgment for possession within ten days after entry of the February 25, 2011 judgment for possession, as Rule 59 of the District Court Rules of Civil Procedure (DCRCP) required for a such a motion. When a party files a timely

---

[1]     Rule 4(a)(3) of the Hawaii Rules of Appellate Procedure (HRAP) provides:

> (3) Time to Appeal Affected by Post-Judgment Motions. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

(Emphases added).

-2-

tolling motion that extends the time period for filing a notice of appeal pursuant to HRAP Rule 4(a)(3), "[t]he rule provides that the court has 90 days to dispose of [the] post-judgment [tolling] motion . . . , regardless of when the notice of appeal is filed." Buscher v. Boning, 114 Hawai'i 202, 221, 159 P.3d 814, 833 (2007). When "the court fail[s] to issue an order on [the movant]'s [post-judgment tolling] motion by . . . ninety days after [the movant has] filed the [post-judgment tolling] motion, the [post-judgment tolling] motion [i]s deemed denied." County of Hawai'i v. C&J Coupe Family Limited Partnership, 119 Hawai'i 352, 367, 198 P.3d 615, 630 (2008). The ninetieth calendar day after March 7, 2011, was Sunday, June 5, 2011, and, thus, HRAP Rule 26(a) extended the ninety-day time period under HRAP Rule 4(a)(3) for adjudicating Appellant Debnam's March 7, 2011 DCRCP Rule 59 motion for reconsideration until Monday, June 6, 2011. Therefore, at the end of the day on June 6, 2011, Appellant Debnam's March 7, 2011 DCRCP Rule 59 motion for reconsideration was automatically deemed denied pursuant to HRAP Rule 4(a)(3). Consequently, the district court's subsequent June 23, 2011 written order purporting to deny Appellant Debnam's March 7, 2011 DCRCP Rule 59 motion for reconsideration was superfluous. In order to assert a timely appeal under HRAP Rule 4(a)(3), Appellant Debnam needed to file a notice of appeal within thirty days after the June 6, 2011 deemed denial of Appellant Debnam's March 7, 2011 DCRCP Rule 59 motion for reconsideration. The thirtieth day after June 6, 2011, was Wednesday, July 6, 2011. Appellant Debnam did not file her

July 13, 2011 notice of appeal within thirty days after the June 6, 2011 deemed denial of Appellant Debnam's March 7, 2011 DCRCP Rule 59 motion for reconsideration, as HRAP Rule 4(a)(3) required for a timely appeal. Therefore, Appellant Debnam's July 13, 2011 notice of appeal was untimely.

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice thereof is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP].") Consequently, we lack jurisdiction over Appellant Debnam's appeal. Therefore,

IT IS HEREBY ORDERED that Appeal NO. CAAP-11-0000535 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, December 29, 2011.

Chief Judge

Associate Judge

Associate Judge